# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARVA MICHELLE COURTNEY,           )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        1:09CV680
                                   )
NORTH CAROLINA DEPARTMENT OF       )
TRANSPORTATION, "NCDOT," and NORTH )
CAROLINA DIVISION OF MOTOR         )
VEHICLES, "NCDMV,"                 )
                                   )
                Defendants.        )


## ORDER

The undersigned United States Magistrate Judge has pending before him (for recommended ruling) Defendants' Motion for Summary Judgment (Docket Entry 21). (See Docket Entry dated Sept. 24, 2010.) At its beginning and end, Plaintiff's Complaint invokes as legal bases for her claims three federal statutes (42 U.S.C. §§ 1981 ("Section 1981"), 1983 ("Section 1983"), and 2000e et seq. ("Title VII")) and a state statute (N.C. Gen. Stat. § 143-422.2), but does not match those statutory references to specific factual allegations.[1] By contrast, the middle portion of the Complaint contains a variety of factual allegations, but (with one exception) fails to link those matters to particular statutory provisions.

---

[1] Moreover, some of the Complaint's statutory references appear internally inconsistent or incorrect. For example, under the heading "Count Two," the Complaint seems to target sex-based discrimination (including in the form of harassment/hostile work environment), but invokes not only Title VII and the above-cited state statute, but also Section 1981, which applies only to racial discrimination, see Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 212 (4th Cir. 2007); under the immediately-following heading "Count Three," the Complaint identifies "race discrimination" as the claim, but omits any reference to Section 1981 and, instead, cites Title VII and Section 1983. (Docket Entry 1 at 7.) In contrast, at an earlier point, the Complaint professes an intent to seek relief under Section 1983 for "race and gender discrimination." (Id. at 3.)

The resulting ambiguity complicates the Court's analysis of which, if any, of Plaintiff's claims can proceed at this stage, particularly given that the statutes cited in the Complaint have restrictions that may affect their availability in this case; notably:

1) a plaintiff can proceed under Title VII only on matters as to which she exhausted her administrative remedies, see Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("Only those discrimination claims stated in the [administrative] charge, those reasonably related to th[at] original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit. . . . [A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." (internal quotation marks omitted));

2) a plaintiff cannot proceed against a state agency under Section 1983, see Bennett v. North Carolina Dep't of Transp., No. 1:05CV764, 2007 WL 4208390, at *4 (M.D.N.C. Nov. 26, 2007) (unpublished) (Beaty, C.J.) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), in dismissing "Plaintiff's § 1983 claims for racial discrimination and hostile work environment against [NCDOT]" because said state department fails to qualify as a "person" within the meaning of Section 1983);[2]

---

[2] Plaintiff had previous notice of this issue, at least in part, in that Defendants asserted as a defense in their Answer that they "are not persons within the meaning of 42 U.S.C. § 1983 and § 1981 for the purposes of recovering
(continued...)

3) Section 1981 does not provide a cause of action, independent of Section 1983, against a state, see Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) ("[W]hen suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733, 735-36 (1989)); and

4) the Eleventh Amendment of the United States Constitution generally bars a plaintiff from proceeding against a state agency in this Court (whether for damages or equitable relief) under Sections 1981 and 1983 or state law, see South Carolina State Bd. of Dentistry v. Federal Trade Comm'n, 455 F.3d 436, 446 n.8 (4th Cir. 2006) ("The Eleventh Amendment technically bars a person from suing a state or its agency to seek injunctive relief."); Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990) ("[T]he Eleventh Amendment bars the pendent state monetary damage claims as well as the § 1981 and § 1983 damage claims [against the defendant-state entity].").[3]

In their respective summary judgment filings, the parties addressed the first of the foregoing matters, but they failed to discuss the other three, above-cited issues (i.e., the "persons" limitation of Section 1983, the fact that Section 1981 provides no

---

[2](...continued)
monetary damages." (Docket Entry 10 at 6.)

[3] Plaintiff arguably had prior notice of this issue, at least in part, in that Defendants asserted as a defense in their Answer that "[n]o general or punitive damages may be had against the Defendants under any of the legal theories in the Complaint under 42 USC § 1983." (Docket Entry 10 at 6.)

basis independent of Section 1983 to proceed against state entities, and Eleventh Amendment immunity).  In the interest of judicial economy, said issues should be considered at this time. Moreover, the United States Court of Appeals for the Fourth Circuit has declared that, "because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte." <u>Suarez Corp. Indus. v. McGraw</u>, 125 F.3d 222, 227 (4th Cir. 1997). <u>See also</u> <u>Huang</u>, 902 F.2d at 1139 ("North Carolina law nowhere specifically provides for waiver of Eleventh Amendment immunity . . . .").

**IT IS THEREFORE ORDERED** that, on or before November 24, 2010, Plaintiff shall file a supplemental brief of no more than 10 pages addressing the viability of any claim she has asserted under Section 1981, Section 1983, and state law in light of the authority cited in this Order.

**IT IS FURTHER ORDERED** that, on or before December 1, 2010, Defendants <u>may</u> file a supplemental brief in response of no more than 10 pages.

**IT IS FURTHER ORDERED** that, if Defendants file a supplemental brief, Plaintiff may file a supplemental brief in reply of no more than five pages on or before December 3, 2010.

<u>    /s/ L. Patrick Auld    </u>
**L. Patrick Auld**
**United States Magistrate Judge**

November 18, 2010

-4-